Escolastico CARCAMO, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74298.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Andres Moreno, Esq., Chula Vista, CA,
for Petitioner.

District Director, Office of the District
Counsel Department of Homeland Securi-
ty, San Diego, CA, Ronald E. LeFevre,
Chief Counsel, Office of the District Coun-
sel Department of Homeland Security, San
Francisco, CA, U.S. Department Of Jus-
tice Civil Div./Office of Immigration Lit.,
Washington, DC, Peter Caplan, United
States Attorney's Office Asst U.S. Attor-
ney, Detroit, MI, for Respondent.

Before: HALL, T.G. NELSON, and
TALLMAN, Circuit Judges.

MEMORANDUM **

Escolastico Carcamo, a native and citi-
zen of Guatemala, petitions for review of
the Board of Immigration Appeals'
("BIA") summary affirmance of an Immi-
gration Judge's ("IJ") denial of his applica-
tions for asylum, withholding of removal,
and relief under the Convention Against
Torture ("CAT"). We have jurisdiction

---

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and may not be cited to or by the
   courts of this circuit except as provided by
   9th Cir. R. 36–3.

pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

■ Carcamo testified that after the killings of his father and uncle, and after shots were fired at his house and car, he lived undisturbed in Guatemala for over three years. Carcamo testified that during this time, he graduated from high school, secured a job, and took care of an ill relative without incident. The IJ's finding that Carcamo does not have a well-founded fear of future persecution is supported by substantial evidence in that Carcamo was able to successfully relocate within Guatemala. *See id.* at 1245.

■ Because Carcamo failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001).

■ Carcamo also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001); 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**